**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Nina Y. Wang**

Civil Action No. 25-cv-00734-NYW-NRN

MICHAEL TAYLOR LOGSDON, and
SARAH L. MESERVE,

Plaintiffs,

v.

UNITED STATES OF AMERICA,

Defendant.

---

## MEMORANDUM OPINION AND ORDER

---

This matter is before the Court on:

(1) Defendant's Motion to Dismiss Plaintiffs' Amended Complaint ("Motion to Dismiss"), [Doc. 33, filed December 3, 2025]; and

(2) Plaintiffs' Motion to File Second Amended Complaint for Declaratory Relief and to Quiet Title ("Motion to Amend"), [Doc. 46, filed August 19, 2026].

Plaintiffs have responded to Defendant's Motion to Dismiss, [Doc. 39], and Defendant United States of America (or "the Government") has replied, [Doc. 42]. The time for briefing on the Motion to Amend has not yet lapsed. The Court finds that oral argument would not materially assist in the disposition of either Motion. For the following reasons, the Motion to Dismiss is respectfully **GRANTED** and the Motion to Amend is respectfully **DENIED**.

## BACKGROUND

The following facts are drawn from the Amended Complaint for Declaratory Relief

and to Quiet Title ("Amended Complaint"), [Doc. 45], and any properly considered documents, *see infra* note 1. Plaintiffs own two parcels of land in Pitkin County, Colorado (the "Property"). [Doc. 31 at ¶ 3]. They acquired the Property in 2022 from William Jochems ("Mr. Jochems"), who had owned it since 1974. [*Id.* at ¶¶ 4, 11].

In October 1979, Mr. Jochems granted the United States an Easement Deed for Roads (the "Easement") for the U.S. Forest Service ("USFS"). [*Id.* at ¶ 12]. The Easement created a 15-foot-wide easement and right-of-way across the Property for "existing roads." [*Id.* at ¶¶ 12–13; Doc. 31-2 at 1]. The Easement provided that it "shall" terminate "[i]f for a period of five (5) years the [United States] shall cease to use, or preserve for prospective future use, the roads, or any segment thereof." [Doc. 31-2 at 2]. "In the event of such nonuse . . . the Regional Forester shall furnish to the Grantor[] . . . a statement in recordable form evidencing termination." [*Id.*].

But there was a problem. While the Easement covered only "existing roads," there were no roads existing on the Property. [Doc. 31 at ¶ 14]. Mr. Jochems and USFS mistakenly believed that a road just north of the Property, the "East Creek Road," crossed the Property when it in fact did not. [*Id.* at ¶¶ 15–16]; *see* [Doc. 31-3]. And at some point, Mr. Jochems put up a fence on the Property that "physically block[ed]" any road that could have been constructed on the Easement. [Doc. 31 at ¶ 19].

In a letter dated April 20, 1987, Mr. Jochems requested that USFS terminate the Easement. [Doc. 31 at ¶ 22]. He explained that he had constructed a fence around his property and that USFS had not used the Easement in the approximately seven years

since he had granted it. [Doc. 42-1].[1] Invoking the Easement's termination provision, Mr. Jochems requested that USPS provide a "statement of termination." [*Id.*]. In a response letter dated April 24, 1987, USFS denied the request and stated that "we want to preserve this [right-of-way] for public use." [Doc. 31 at ¶ 22; Doc. 31-4]. USFS also offered Mr. Jochems "some assistance in moving the fence." [Doc. 31-4]. That same day, USFS recorded the Easement for the first time. [Doc. 31 at ¶ 24; Doc. 31-2]. Forty years later, the fence erected by Mr. Jochems still blocks the Easement. [Doc. 31 at ¶ 22]. The Easement remains unused. [*Id.* at ¶ 25].

In August 2024, Plaintiffs asked USFS to acknowledge that the Easement had terminated due to nonuse. [*Id.* at ¶ 27; Doc. 31-5]. USFS responded that "[w]e continue to wish to preserve this [right-of-way] for public use," apparently based on the same alleged misconception that the Easement underlies the East Creek Road. [Doc. 31 at

[1] Although the Amended Complaint does not allege the contents of Mr. Jochems's letter, the Rule 12(b)(6) standard permits courts to consider (1) exhibits incorporated into the complaint, (2) documents referenced in the complaint that are central to the plaintiff's claims and undisputedly authentic, and (3) matters subject to judicial notice. *See Gee v. Pacheco*, 627 F.3d 1178, 1187 (10th Cir. 2010). A court may look to these materials when enforcing a statute of limitations at the motion-to-dismiss stage. *See, e.g.*, *Wei v. Univ. of Wyo. Coll. of Health Sch. Pharmacy*, 759 F. App'x 735, 740 (10th Cir. 2019); *Haney v. Fed. Nat'l Mortg. Ass'n*, No. 16-cv-01296-PAB-STV, 2017 WL 1404103, at *7 (D. Colo. Mar. 9, 2017) ("A court may resolve a statute of limitations question on a motion to dismiss where the application of the limitations period is apparent from the Complaint and documents referenced therein." (quotation omitted)). Here, Mr. Jochems's letter fits the second category identified in *Gee*. The letter is referenced in the Amended Complaint, its authenticity is undisputed, and the dueling correspondence regarding the status of the Easement is central to Plaintiffs' claims. *See* [Doc. 31 at ¶ 22]. And while nonmovants should be given an opportunity to respond to new material raised in a reply, *Green v. New Mexico*, 420 F.3d 1189, 1196 (10th Cir. 2005), the Government's reply brief did just that—it acknowledged that the letter was a new exhibit and stated that the Government would not oppose a surreply, [Doc. 42 at 3 n.2]. Plaintiffs did not take up the invitation and have not sought leave to file a surreply. In fact, they attached the letter as an exhibit to the Motion to Amend. [Doc. 46-9]. The Court thus considers the letter in deciding the Motion.

¶¶ 27–28; Doc. 31-6].

Plaintiffs then commenced this suit in March 2025. [Doc. 1]. They bring claims for declaratory judgment, [Doc. 31 at ¶¶ 30–38], and a decree quieting title under the Quiet Title Act (or "QTA"), [*id.* at ¶¶ 39–40]; 28 U.S.C. § 2409a. Both claims seek "a complete adjudication and declaration" of the Parties' rights regarding the Easement. [Doc. 31 at 6]. The Government now moves to dismiss the QTA claim as time-barred and the declaratory judgment claim for lack of jurisdiction. *See* [Doc. 33].

## LEGAL STANDARDS

### I. Rule 12(b)(6)

Under Rule 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In deciding a motion under Rule 12(b)(6), the Court must "accept as true all well-pleaded factual allegations . . . and view these allegations in the light most favorable to the plaintiff." *Casanova v. Ulibarri*, 595 F.3d 1120, 1124 (10th Cir. 2010) (quoting *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009)). A plaintiff may not rely on mere labels or conclusions, "and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation omitted). The Court must ultimately "determine whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Forest Guardians v. Forsgren*, 478 F.3d 1149, 1160 (10th Cir. 2007).

Generally, courts do not resolve affirmative defenses at the motion-to-dismiss stage. *See Fernandez v. Clean House, LLC*, 883 F.3d 1296, 1299 (10th Cir. 2018). But some defenses—including a statute of limitations defense—"may be appropriately resolved on a Rule 12(b) motion when the dates given in the complaint make clear that the right sued upon has been extinguished." *Sierra Club v. Okla. Gas & Elec. Co.*, 816 F.3d 666, 671 (10th Cir. 2016) (cleaned up). If the "time bar is clear from the face of the complaint," a court may dismiss untimely claims under Rule 12(b)(6). *Herrera v. Las Cruces Pub. Schs.*, 695 F. App'x 361, 366 (10th Cir. 2017) (citations omitted).

## II. Rule 12(b)(1)

Rule 12(b)(1) provides that a complaint may be dismissed for "lack of subject-matter jurisdiction." Fed. R. Civ. P. 12(b)(1). Federal courts are courts of limited jurisdiction, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994), and the burden of establishing federal jurisdiction falls on the party invoking it, *Merida Delgado v. Gonzales*, 428 F.3d 916, 919 (10th Cir. 2005).

A Rule 12(b)(1) motion may be classified as a facial attack or a factual attack on subject matter jurisdiction. Each type of attack implicates a different analytical framework. The Tenth Circuit has explained that:

> First, a party may make a facial challenge to the plaintiff's allegations concerning subject matter jurisdiction, thereby questioning the sufficiency of the complaint. In addressing a facial attack, the district court must accept the allegations in the complaint as true. Second, a party may go beyond allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction depends. In addressing a factual attack, the court does not presume the truthfulness of the complaint's factual allegations, but has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1).

*United States v. Rodriguez-Aguirre*, 264 F.3d 1195, 1203 (10th Cir. 2001) (quotation

omitted).

Here, the Rule 12(b)(1) portion of the Motion rests solely on an issue of law and does not rely on any exhibits. *See* [Doc. 33 at 11–12]. The Court accordingly considers it as a facial attack on jurisdiction.

**III. Motion to Amend**

Rule 15(a)(2) provides that, except in limited circumstances not applicable here, a party may amend its pleading only with the opposing party's written consent or the court's leave. Fed. R. Civ. P. 15(a)(2). The Rule provides that Court should freely give leave when justice so requires, but district courts may deny leave to amend based on the futility of the proposed amendment. *See Cohen v. Longshore*, 621 F.3d 1311, 1313 (10th Cir. 2010) (citing *United States ex rel. Ritchie v. Lockheed Martin Corp.,* 558 F.3d 1161, 1166 (10th Cir.2009)). An amendment is futile when the complaint, as amended, "would be subject to dismissal." *Jefferson Cnty. Sch. Dist. No. R-1 v. Moody's Invs. Servs., Inc.*, 175 F.3d 848, 859 (10th Cir. 1999).

## ANALYSIS

**I. Motion to Dismiss**

**A. Quiet Title Act Claim**

The Quiet Title Act permits the United States to be "named as a party defendant in a civil action under this section to adjudicate a disputed title to real property in which the United States claims an interest." 28 U.S.C. § 2409a(a). "[E]asements are real property interests subject to quiet title actions." *Purgatory Recreation I, LLC v. United States*, 157 F.4th 1173, 1183 (10th Cir. 2025) (quotation omitted). The QTA includes a 12-year statute of limitations; a claim must be brought "within twelve years of the date

upon which it accrued." § 2409a(g). The statute of limitations is nonjurisdictional and enforceable under Rule 12(b)(6). *See Purgatory Recreation*, 157 F.4th at 1182 & n.7.

A QTA claim "accrue[s] on the date the plaintiff or his predecessor in interest knew or should have known of the claim of the United States." § 2409a(g). "The limitations period isn't triggered only when the government acts to enforce its claim. By its plain terms the QTA's limitations period is triggered by the government's claim—by its assertion of some interest adverse to the plaintiff or its predecessor." *Purgatory Recreation*, 157 F.4th at 1183 (emphasis in original) (cleaned up) (quoting *George v. United States*, 672 F.3d 942, 946 (10th Cir. 2012)). When a plaintiff claims full ownership of the disputed property, the limitations period begins to run when the plaintiff (or his predecessor) knows that "the United States asserts a property interest in the title to the disputed property of sufficient substance and adversity to cloud the title." *Rio Grande Silvery Minnow v. Bureau of Reclamation*, 599 F.3d 1165, 1176 (10th Cir. 2010).

"Adversity" is not a given, though, when one party claims ownership and the other claims an easement or other non-possessory interest. *See Purgatory Recreation*, 157 F.4th at 1184. "Easements and servient estates can (and usually do) peaceably coexist" with another party's ownership in fee simple. *George*, 672 F.3d at 947. In cases involving a private plaintiff's easement over government property, the Tenth Circuit has focused on whether the plaintiff had notice that the ownership interest and easement could no longer "peaceably coexist." *See Purgatory Recreation*, 157 F.4th at 1184, 1187 (quotations omitted). This is consistent with persuasive authorities stating that a QTA claim based on a disputed government-held easement accrues when the Government "express[s]" a position adverse to the plaintiffs' interest, *Elk Mountain Safari, Inc. v. United States*, 645

F. Supp. 151, 156 (D. Wyo. 1986), or "'adopt[s] a position in conflict' with [plaintiffs] or their predecessors in interest with respect to the public's use of the easement," *Waibel Ranches, LLC v. United States*, No. 22-35703, 2024 WL 3384233, at *2 (9th Cir. July 12, 2024) (quoting *Mills v. United States*, 742 F.3d 400, 405 (9th Cir. 2014)).

The Court respectfully agrees with the Government that Mr. Jochems's correspondence with USFS pulled this "exceedingly light" trigger. *See George*, 672 F.3d at 944; [Doc. 33 at 9–10]. Even setting aside the specific contents of Mr. Jochems's letter, *see supra* note 1, Plaintiffs' allegations show that Mr. Jochems requested that the Easement be terminated and, apparently, notified USFS of the fence on the Property, [Doc. 31 at ¶ 22]. USFS denied that request and suggested that agency employees could help move the fence. [Doc. 31-2; Doc. 31-4]. USFS then recorded the Easement for the first time, even though the Easement "had never been used by the USFS for any purpose and was physically obstructed by Jochems' fence." [Doc. 31 at ¶ 24]. Plaintiffs' effort to recast this exchange into a friendly "inquiry about termination" is unpersuasive. [Doc. 39 at 8]. The law does not permit private parties to "wait until the adverse claims of title asserted by them and the United States crystallize into well-defined and open disagreements before commencing a quiet-title action." *Rio Grande*, 599 F.3d at 1188. Mr. Jochems wanted the Easement terminated and had put up a fence obstructing it; USFS refused and indicated that the fence conflicted with its continued interest in "preserv[ing] this [right-of-way] for public use." [Doc. 31-4; Doc. 31 at ¶ 22]. At that point, Mr. Jochems knew that his claim and the Government's Easement could not "peaceably coexist." *Purgatory Recreation*, 157 F.4th at 1184.

Mr. Jochems's April 20, 1987 letter dispels any doubt on the matter. He expressly invoked the Easement's language providing that USFS "shall" furnish a statement evidencing termination if USFS fails to use the Easement for five years. [Doc. 42-1]; *see also* [Doc. 31-2]. He claimed that the Easement had terminated and asserted a right to have that termination confirmed. The Government disputed that claim. [Doc. 31-4]. Plaintiffs themselves concede that "a demand for [a] document that could be recorded to evidence the fact that the Easement had already terminated by its own terms" counts as a "triggering event" for accrual of a QTA claim. [Doc. 39 at 8]. Accordingly, the Court respectfully concludes that the QTA claim based on the Easement accrued upon the USFS's April 24, 1987 letter to Mr. Jochems and concomitant recording of the Easement. *See Purgatory Recreation*, 157 F.4th at 1184–85 (recognizing that an interest recorded by the Government triggers the QTA limitations period if it "actually conflict[s] with the plaintiff's asserted interest"). Because Plaintiffs brought this suit more than twelve years later, their Quiet Title Act claim is **DISMISSED with prejudice**. *See Womble v. Salt Lake City Corp.*, 84 F. App'x 18, 20–21 (10th Cir. 2003) (explaining that dismissal of time-barred claims operates as a dismissal with prejudice).

**B. Declaratory Judgment Claim**

The Court likewise concludes that the declaratory judgment claim must be dismissed, though for a slightly different reason than the one proposed in the Motion. The QTA is "the exclusive means by which adverse claimants [may] challenge the United States' title to real property." *Block v. North Dakota ex rel. Bd. of Univ. & Sch. Lands*, 461 U.S. 273, 286 (1983). This exclusivity is a "jurisdictional limitation" that cannot be "circumvented by attempting to establish jurisdiction under alternative statutes." *True Oil,*

*LLC v. Bureau of Land Mgmt.*, 154 F.4th 1236, 1241 (10th Cir. 2025) (cleaned up). A "request for declaratory relief [that] leads directly back to the question of title" is thus "inextricably linked to that question" and must be brought under the QTA. *Rio Grande*, 599 F.3d at 1177 n.4 (quoting *Rosette, Inc. v. United States*, 1394, 1396 (10th Cir. 1998)). "[W]hen a claim belonging under the QTA is brought under another statute, the proper procedure is to dismiss the claim under Rule 12(b)(1) for lack of jurisdiction." *Purgatory Recreation*, 157 F.4th at 1188 n.13.

Relying on these principles, the Government urges the Court to dismiss Plaintiffs' declaratory judgment claim on jurisdictional grounds. *See* [Doc. 33 at 11–12]. But Plaintiffs expressly assert the QTA—and only the QTA—as the basis for jurisdiction over their declaratory judgment claim. *See* [Doc. 31 at ¶¶ 31–32]. They do not purport to bring the claim under any other statute, aside from the Declaratory Judgment Act. And it is axiomatic that the Declaratory Judgment Act neither extends federal jurisdiction nor creates a new cause of action; it merely "enlarges the range of remedies available." *Prier v. Steed*, 456 F.3d 1209, 1212 (10th Cir. 2006) (brackets omitted) (quoting *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671 (1950)); *Allen v. United Servs. Auto. Ass'n*, No. 16-cv-01056-RM-NYW, 2017 WL 4221452, at *1 n.1 (D. Colo. July 10, 2017), *aff'd*, 907 F.3d 1230 (10th Cir. 2018). In other words, a declaratory judgment is only "a form of relief dependent upon a valid cause of action." *Allen*, 2017 WL 4221452, at *1 n.1.

As with jurisdiction, however, Plaintiffs invoke no causes of action other than the QTA. *See* [Doc. 31 at ¶ 31]. Besides the remedy requested, there is no difference in the allegations underlying Plaintiffs' QTA and declaratory judgment claims. *See* [*id.* at ¶¶ 30–40]. Plaintiffs argue that they intend to "nullify the Easement itself based on the

reversionary language of that instrument and mutual mistake," which would "extinguish the Easement document, not simply" resolve a disputed title. [Doc. 39 at 9]. But this puts no daylight between their QTA and declaratory judgment theories. Under Plaintiffs' argument, the status of the Easement document and the status of the Easement are one and the same. *Cf. Rio Grande*, 599 F.3d at 1177 n.4 (concluding that requests for declaratory relief "calling upon the district court to interpret key documents related to the property-interest dispute" were inextricably linked to the QTA claim). Nor do Plaintiffs acknowledge the fact that their declaratory judgment "claim" is not a separate claim at all. Absent any other asserted jurisdictional basis or cause of action, Plaintiffs' declaratory judgment claim is more than just inextricably linked with their QTA claim—it *is* a QTA claim. *See CCPS Transp., LLC v. Sloan*, 611 F. App'x 931, 933 (10th Cir. 2015) ("[D]ifferent remedial requests do not make for different claims.").

Accordingly, to the extent Plaintiffs' declaratory judgment claim merely reasserts their QTA claim, it is **DISMISSED with prejudice** as time-barred. *See Womble*, 84 F. App'x at 20–21. To the extent the declaratory judgment claim arises under any statute other than the QTA, it is **DISMISSED without prejudice** for lack of subject matter jurisdiction.

## II. Motion to Amend

In their Motion to Amend, Plaintiffs seek to file a Second Amended Complaint to include additional facts to support their two existing claims. While the time for briefing has not yet run,[2] this Court finds it appropriate to rule at this juncture. D.C.COLO.LCivR 7.1(d) ("Nothing in this rule precludes a judicial officer from ruling on a motion at any time

[2] Defendant filed a response brief on September 9, 2026. [Doc. 47].

after it is filed"). As an initial matter, none of the proposed amendments alters this Court's analysis with respect to whether the QTA claim accrued in April 1987 for the purposes of the statute of limitations. Whether or not Mr. Jochems was mistaken regarding the status of the Easement is of no consequence; "[t]he merits of [the government's] claim or assertion of adverse interest are irrelevant. One can be on *notice* of a claim even if that claim lacks any legal *merit.* Were the rule otherwise, of course, the statute of limitations and merits inquiries would collapse and involve no analytically distinct work." *George*, 672 F.3d at 946 (emphasis in original). Furthermore, Plaintiffs' elimination of specific references to the QTA as the basis of their declaratory judgment claim does not change the fundamental nature of that claim. Nor do Plaintiffs identify any other legal basis for the requested declaration that triggers this Court's subject matter jurisdiction. *See* [Doc. 46-1 at ¶¶ 52–59].

Accordingly, this Court respectfully **DENIES** Plaintiffs' Motion to Amend as futile.

## CONCLUSION

For the reasons stated herein, **IT IS ORDERED** that:

(1) Defendant's Motion to Dismiss Plaintiffs' Amended Complaint [Doc. 33] is **GRANTED** as set forth herein;

(2) The Clerk of Court is **DIRECTED** to enter judgment in favor of Defendant United States of America and against Plaintiffs Michael Taylor Logsdon and Sarah L. Meserve;

(3) Plaintiffs' Motion to File Second Amended Complaint for Declaratory Relief and to Quiet Title [Doc. 46] is **DENIED** as futile; and

(4) The Clerk of the Court is **DIRECTED to TERMINATE** the case.

DATED: September 17, 2026

BY THE COURT:

Nina Y. Wang
United States District Judge